FILED'08 SEP 24 14:29USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY LYDELL BELL SR.,

               Plaintiff,          Civil No. 08-982-AA

               v.                ORDER

MULTNOMAH COUNTY, et al.,

               Respondent.

AIKEN, District Judge.

    Plaintiff pro se, an inmate in the Multnomah County Jail, filed a 53 page complaint under 42 U.S.C. § 1983, alleging *inter alia* a conspiracy to violate his constitutional rights arising out of his prosecution on criminal charges. By Order (#10) entered September 12, 2008, plaintiff was allowed until October 23, 2008, to file an amended complaint.

1 - ORDER

On September 12, 2008, plaintiff filed a "Motion for Preliminary Injunction and Expediting Temporary Restraining Order (#11) seeking to enjoin  a state court sentencing hearing.

The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in <u>United States v. Odessa Union Warehouse</u>, 833 F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. <u>Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 314-15 (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the

probability of success decreases.  <u>Oakland
Tribune Inc. v. Chronicle Publishing Co.</u>,
762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief.  <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, as noted above, plaintiff has been allowed an extension of time to file an amended complaint.  Therefore whatever plaintiff's claims may be are not clear or yet before the court and plaintiff has failed to establish a probability of success on the merits.

In addition, there is a strong federal policy against federal court intervention in state judicial processes. <u>Moore v. Sims</u>, 442 U.S. 415 (1979).  Federal courts must abstain from exercising jurisdiction in cases where there are pending state court proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37

3 - ORDER

(1971) [absent extraordinary circumstances, equity concerns and principles of comity require that federal courts refrain from enjoining state court criminal prosecutions].

Based on the foregoing, plaintiff's Motion for preliminary injunction (#11) is denied.

DATED this 24 day of September, 2008.

Ann Aiken
United States District Judge

4 - ORDER