Larry Lydell Bell Sr
SWIS #18924
11540 N.E. Inverness Drive
Portland, Oregon  97220

*Original*

FILED '08 OCT 17 11:35 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In Rem )
)
MULTNOMAH COUNTY CIRCUIT COURT FOR )
THE FOURTH JUDICIAL DISTRICT IN OREGON; )
THE OFFICIAL BOND SECURED BY AN FOR THE )
FOURTH JUDICIAL DISTRICT POS. NO. 12; )
THE MULTNOMAH COUNTY SHERIFF'S OFFICE; )
THE MULTNOMAH COUNTY COMMISSIONERS; THE )
OREGON DEPARTMENT OF CORRECTIONS (All )
Persons Secured by Official Bonds and )
Public Office Secured Under Official )
Security Bonds, Sureties and Insurance )
Bonds and the Official Undertaking or )
Other Security of a Public Officer to )
the State, or to any County or other )
Public Corporation of like character) )
)
LARRY LYDELL BELL SR., )
)
                         Plaintiff, )
)
          v. )
)
MULTNOMAH COUNTY CIRCUIT COURT FOR )
THE FOURTH JUDICIAL DISTRICT IN OREGON; )
DOUGLAS M. BRAY (Multnomah County Trial )
Court Administrator); TED WHEELER (Mult- )
nomah County Chairman and Commissioners); )
JANICE R. WILSON (Multnomah County Circuit )
Court Judge); MULTNOMAH COUNTY DISTRICT )
ATTORNEY'S OFFICE; BERNIE GIUSTO and BOB )
SKIPPER (Multnomah County Sheriffs); )
OREGON DEPARTMENT OF CORRECTIONS; MAX )
WILLIAMS (ODOC Director); GUY HALL (TRCI )
Superintendent); MARY A. JENKINS (ODOC )

Case No. CV 928-AA


AMENDED CIVIL RIGHTS COMPLAINT

(42 U.S.C. § 1983; § 1985; § 1986
 and § 1988)

Page 1 - AMENDED CIVIL RIGHTS COMPLAINT

Records information Specialist and          )
Sentence Calculation); DANIELLE HAWKINS     )
(ODOC Medical Records Specialist); OREGON   )
DEPARTMENT OF ADMINISTRATIVE SERVICES,      )
                                            )
                        Defendants,         )
                                            )
_____    )          (Demand For Trial By Jury)

     This is a civil rights action brought by the plaintiff Larry Lydell Bell Sr.,

an individual person and citizen of the United States of America, against various

agencies, corporations, municipalities, judicial officers and administrators for

unnecessary rigor, malicious prosecutions, conspiracies, meeting of the minds with

other officials and agencies in a clandestine manner, vindictive and racial

discriminatory sentencing practies against people of color and particularly

African-Americans, pain and sufferings, collusions and fraud.

     Plaintiff brings this action individually and as a member of a class, as

there are questions of law and facts common to the class under the auspice of

42 U.S.C. § 1983; § 1985; § 1986; § 1988.  Plaintiff also invokes the provisions

of the in rem proceedings with regards to the official bonds, securities and

surety bonds and the official undertaking of the Public Officers, as well as

the holders in due course.

## JURISDICTION

### 1.

     This Court has jurisdiction to hear these claims pursuant to 28 U.S.C. § 1331

(Federal question); § 1332 (Corporation insurer deemed as citizen of the state

where it has principat place of business); § 1342 (Civil rights and deprivation

of equal rights and privileges in furtherance of conspiracy); § 2201 (Declaratory

judgment against all judicial officers).  Plaintiffs and Defendants, as well as

the allegations and acts all occurred within the teritorial jurisdiction of this

Court.  Plaintiff further invokes the in rem proceedings.

## PARTIES

Page 2 - AMENDED CIVIL RIGHTS COMPLAINT

**2.**

Plaintiff **Larry Lydell Bell Sr.**, is a resident of the City of Portland, in Multnomah County, State of Oregon, United States of America, and a United States Citizen, under the Constitution of the United States of America.

**3.**

Plaintiffs are so numerous that joinder of all members is impracticable, however there are questions of law and facts common to all as a class based animus as they are either African-American or of African descent or people of color.

## Defendants

**4.**

Defendants In Rem: Multnomah County Circuit Court's Secured Official Bond, Multnomah County Sheriff's Office, Multnomah County Commissioners, Oregon Department of Corrections, Oregon Department of Administrative Services and all persons secured by official bonds and public offices secured under the official security bonds, sureties and insurance bonds and the official undertaking or other security of a public officer to the State or its agencies, or to its county or other public corporation of like character are defendants in rem.

**5.**

Defendant **Douglas M. Bray**, is the trial court administrator in Multnomah County and is responsible for everyday administrative duties for Multnomah County Circuit Court for the Fourth Judicial District.

**6.**

Defendant **Janice R. Wilson**, is an elected official on the Multnomah County Circuit Court Bench, under the Fourth Judicial District in Oregon Position number 12, and a judicial officer of the Multnomah County Circuit Court. She is being sued under the provisions of 28 U.S.C. § 2201 (Declaratory Judgment) in both her

her judicial and official capacity and in her individual capacity.

## 7.

Defendant **Ted Wheeler,** is an elected official and the Multnomah County Chairman of the County Commissioners and is responsible for overseeing the Multnomah County Sheriff's Office. He is being sued in both his official and individual capacity.

## 8.

Defendant **Bernie Giusto,** was an elected official as the Multnoamh County Sheriff at all times relevant to this complaint, and was responsible for housing inmates in the county jail facilities.

## 9.

Defendant **Bob Skipper,** is the acting Sheriff of Multnomah County and at all times relevant to this complaint was responsible for housing inmates in the county jail facilities and Plaintiff is presently incarcerated within one of his facilities.

## 10.

Defendant **Multnomah County District Attorney's Office,** are the prosecuting attorneys for Multnomah County and are being sued in both their judicial and official capacity, as well as in their individual capacity. They are being sued strictly under the provisions of 28 U.S.C. § 2201 (Declaratory Judgment).

## 11.

Defendant **Oregon Department of Corrections,** was created by the Legislative Assembly and is custodian of felony offenders sentenced to prison, as well as providing administrative oversight and funding community corrections activities for the counties.

## 12.

Defendant **Max Williams,** is the Director of the Oregon Department of Corrections and responsible for overseeing its functions and overall operation of

Page 4 - AMENDED CIVIL RIGHTS COMPLAINT

the Department of Corrections.

### 13.

Defendant **Guy Hall,** is the Superintendent of Two Rivers Correctional Institution and responsible for overseeing its daily functions as the Functional Unit Manager.  At all times relevant to this complaint Plaintiff was an inmate at Two Rivers Correctional Institution.

### 14.

Defendant **Mary A. Jenkins,** is the Department of Corrections Records Information Specialist and is responsible for keeping inmates records and sentencing calculations within the Offender Information and Sentence Calculation Unit.  She is responsible for the maintenance of the department's official offender records.

### 15.

Defendant **Danielle Hawkins,** is the Department of Corrections Medical Records Specialist.  She is responsible for maintenance of the department's official offender medical records.

### 16.

Defendant **Department of Administrative Services** (Risk Management Division) is responsible for assessing inmate claims against the Department of Corrections, as well as investigating and settling such claims.

### 17.

Defendants are being sued in their official and individual capacities.

### <u>PLAINTIFF'S ALLEGATIONS</u>

### 18.

That at all times relevant to this complaint the Defendants' individually and in their official capacity were acting under the color of state law and at certain times relevant to this complaint the defendants entered into a meeting of the minds under a clandestine scheme against the Plaintiff.

Page 5 - AMENDED CIVIL RIGHTS COMPLAINT

**19.**

(Heck's Favorable Termination Rule)

Plaintiff alleges that his sentence for all purposes relevant to this complaint has been reversed on direct appeal and called into question by a federal court's issuance of a writ of habeas corpus.  See State v. Bell, 181 Or.App. 456 (2002) and Bell v. Hall, U.S.D.C. Civ. No. 1784-MO (Or. 2007).

**20.**

Class Based Animus

**(Racial Bias And Discrimination In Sentencing Practices)**

Plaintiff alleges that statistically proven data reveals that African-Americans are given larger and longer disproportionate sentences than White-American and other races in Multnomah County Circuit Courts, and because of this practice, policy, custom, and usage he was given a disproportionate sentence of fifty (50) years (a release date of March 6, 2049) for arson in the first degree, for damages of One Hundred Seventy-five Dollars ($175) to some bedding material (based solely on the fact that he is African-American).

**21.**

Plaintiff alleges that this illegal and unconstitutional sentence was vacated and remended for resentencing by the Oregon  Court of Appeals.  See State v. Bell, 181 Or.App. 456 (2002).  On appeal the Attorney General's Office condeded to sentencing error by Defendant WILSON.

**22.**

Plaintiff alleges that he was resentenced by Defendant WILSON in October of 2002, and received an upward durational departure to twenty (20) years.  (Release date of March 6, 2019).  See Bell v. Hall, U.S.D.C. Civ. No. 04-1784-MO (That sentence was found to be unconstitutional and was invalidated.)

PAGE 6 - AMENDED CIVIL RIGHTS COMPLAINT

23.

Plaintiff alleges that prior to the resentencing being invalidated by habeas corpus, it was brought to the attention of Defendant WILSON that the resentence violated the principle of law as outined in Apprendi and Blakely. She refused to correct the erroneous sentnece and claimed she **"lacked jurisdiction,"** to correct the erroneous term in the judgment.

24.

Plaintiff alleges that a federal tribunal ultimately reversed the unconstitutional and erroneous term of sentence, as stated in paragraph **22.**

25.

Emotional Distress

Plaintiff alleges that he sustained pain, suffering, and mental anguish as a result of the illegal and unconstitutional sentences that were reversed. Plaintiff further alleges that the continuous harrassment and consequences combined with the sever shock of the conscience, of having a release date of 2049, for damages to some bedding material estimated at $175, has caused him unnecessary suffering.

26.

Plaintiff further alleges that he suffered overwhemming aguish as a result of the second imposition of an illegal sentence with a release date of March of 2019.

27.

Plaintiff alleges that in September of 2005, he was a plaintiff in a civil law-suit in which Judge Janice R. Wilson was a principle defendant. That law-suit was commenced well in advance of any knowledge that the criminal matter would be sent back to the Multnomah County Circuit Court for another resentencing. see Multnomah County Circuit Court Case No. 05-099400. The crux of that suit was

PAGE 7 - AMENDED CIVIL RIGHTS COMPLAINT

**28.**

for specific performance of duties in office under the Oregon Declaratory Judgment
Act. Defendant WILSON was served with summons and complaint in that action by
the Multnomah County Sheriff's Office. However, she refused to recuse herself from
paricipating in a third resentencing.

**29.**

Plaintiff alleges that Defendant WILSON present acts and conduct are outside
of her judicial immunity, because she refused to recuse herself when an actual
conflict of interest exists in resentencing Plaintiff and proposes to allow an
empanelment of a new jury to resentence him to a greater sentence than the one he
was subjected to prior to the federal court's reversal of the resentencing.

**30.**

Plaintiff alleges that the declaratory judgment proceeding was a civil acion
against a public body that named Judge Wilson as a defendant within the meaning
as defined in ORS 30.642 to 30.650, giving rise to an actual conflict of interest
in presiding over any criminal matter in which Plaintff may be a defendant.

**31.**

Plaintiff alleges that Defendant WILSON is without jurisdiction to proceed
in presiding over any issue whatsoever in the criminal matter of State of Oregon
v. Larry Lydell Bell Sr., Multnomah County Circuit Court Case No. 99-03-31898,
and because she continues to do so, it gives rise to unnecessary rigor, harrass-
ment, and intentional presumption of vindictiveness against the herein Plaintiff.

**32.**

(Meeting Of The Minds And Collusion)

Plaintiff alleges that the present acts and conduct of attempting to empanel
an unconstitutional jury and holding a trial against him in the future, results
from a meeting of the minds between the Multnomah County District Attorney's Office

PAGE 8 - AMENDED CIVIL RIGHTS COMPLAINT

**33.**

and Defendant WILSON to harrass, intimidation, vindictiveness, malicious prose-

cution, and to reimpose the unconstitutional sentences vindictively to 30 years.

**34.**

Plaintiff alleges that Defendant WILSON acting under the guise of the color of

state law and under the cloak of her official capacity to further deprive Plaintiff

of equal protection of the Constitution of the United States in concert with the

Multnomah County District Attorney's Office, after receiving a federal judgment

decree in the issuance of a federal writ of habeas corpus.

**35.**

Plaintiff alleges that Defendant WILSON can not stand under her cloak of

judicial immunity when she refused to recuse hereself, when she knew an actual

conflict of interest results from her presiding over Plaintiff's criminal action,

even after being made aware of such conflict of interest, or presumption of bias.

**36.**

Plaintiff alleges that the meeting of the minds and collusion started long

ago, against the herein Plaintiff.  It started when the prosecuting attorney from

Multnomah County District Attorney's Office and Defendant WILSON constructively

amended the indictment through the jury instruction.  See Attachment "A"

**37.**

Plaintiff alleges that the instant that the Multnomah County Circuit Court,

Defendant WILSON and the prosecuting attorney amended the indictment in Plaintiff's

criminal case, the court lost jurisdiction.  At that point in time, there is

nothing that can cure that defect, Plaintiff further alleges the Multnomah County

Circuit Court and Defendant WILSON has a jurisdictional defect, as such the court

and Defendant WILSON is without jurisdiction over the Plaintiff criminal matter.

/ / /

**38.**

Plaintiff alleges that because of the unlawful clandestine scheme between the Defendants herein, in amending the indictment in the criminal proceedings (see Attachment "A") to different material facts than the ones in the indictment, based solely on the meeting of the minds of the Defendants, Plaintiff is presently being imprisoned unlawfully and awaiting a third resentencing to a tribunal without jurisdiction to do so, and as such, Defendants have divested any jurisdiction that may have existed, and is presently acting under a de facto court without jurisdiction.

**39.**

Plaintiff alleges that based solely on the conspiracy to broaden his indictment by Defendant WILSON and the prosecution's meeting of the minds and constructive amendment to charges that he was never indicted for, the Multnomah County Circuit Court, Multnomah County District attorney's Office and Defendant WILSON lacks jurisdiction over Plaintiff, and are not immune from civil liability for damages to Plaintiff in the present imprisonment and continuous harassment, prosecution, empanelment of a jury, ex post facto applications of the law, double jeopardy, and present unconstitutional imprisonment.

**40.**

Plaintiff alleges that Defendant WILSON as a judge does not enjoy judicial immunity for unconstitutional behavior when the facts are sufficient to grant Plaintiff's declaratory or injustice relief against her and all Defendants herein.

**41.**

(Double Jeopardy and Federal Intervention)

Plaintiff alleges that this Court has jurisdiction to enjoin and stay any further attempts by the herein defendants, from carrying out their clandestine unconstitutional scheme (that violates individual civil rights) in empaneling a

PAGE 10 - AMENDED CIVIL RIGHTS COMPLAINT

new jury to resentence Plaintiff again after nearly ten (10) years, to more time than his presumptive guideline sentence, as a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

### 42.

Plaintiff alleges that the herein acts and conduct of the Defendants in concert gives rise to the "extraordinary circumstances" necessary to enjoin these acts and conduct to prohibit any further unlawful acts by defendants against Plaintiff.

### 43.

Plaintiff alleges that Defendants acting under the guise of color of state law and official capacity of their judicial offices to carry-out a vindictive vendetta to intentionally cause harm to Plaintiff under "special circumstances" involving "proven harassment" and instigating a new prosecution without first charging him, nor by indictment, under subterfuge of "enhancement or aggravating fact trial," to new material elements in addition to those presented in the underlying arson in the first degree trial.

### 44.

Plaintiff further alleges that the new trial before a new jury is scheduled to be held before Defendant WILSON under the clandestine scheme of "resentencing", whereas these new alleged material facts were not in the original or any other indictment or charging instrument to the underlying arson, as such these undertakings by the herein Defendants acting under the guise of state officials in **bad faith**, without hope of obtaining a valid conviction to these new alleged material facts ten (10) years after trial in a vexatious multiple prosecution.

### 45.

Plaintiff alleges that the herein circumstances surrounding the herein allegation against the defendants in concert gives rise to a presentation of

PAGE 11- AMENDED CIVIL RIGHTS COMPLAINT

"special circumstances" justified for federal intervention to vindicate Plaintiff's civil rights and the double jeopardy clause.

### 46.

Plaintiff also alleges that this Court is free to hear the double jeopardy claims, because the Oregon Supreme Court considered the merits of these claims in a prior state court proceeding, and Plaintiff, further alleges that he will suffer irreparable injury in the absence of immediate federal court action, that gives rise to a violation of his civil rights.

### 47.

#### (Malicious And Vindictive Prosecution)

Plaintiff alleges that Defendants are initiating a criminal proceeding (enpaneling a different jury on alleged aggravating facts) in bad faith for the sole purpose of retaliation, because of two prior reversals in his underlying criminal matter.

### 48.

Plaintiff alleges that the Multnomah County District Attorney's Office is initiating without probable cause, or indictment an action under the color of state law (SB 528 [enrolled as Oregon Laws 2005, Ch. 463] § 23(1)) that was not in exitance at the time of Plaintiff's commencement, nor at the time he had exhausted all his State court remedies, in the underlying criminal matter.

### 49.

Plaintiff further alleges that the initiation of the proceedings under SB 528 is in bad faith, in violation of ex post facto laws and just another attempt for a second time to unlawfully amend the indictment to a greater offense without grand jury presentment, causing Plaintiff injury and unnecessary harassment, embarrassment, and unnecessary expenses to Plaintiff, all in retaliation for

sucessfully having his sentences reversed.

### 50.

Plaintiff alleges that the Multnomah County District Attorney's Office provided written notice (to Plaintiff's criminal attorney, not the court, nine (9) years after the alleged facts and indictment) that it intends to seek a jury trial for an upward departure based on the number of aggravating factors that were not offered at the prior resentencing.

### 51.

Plaintiff alleges that Defendant WILSON has championed the cause and acts of the Multnomah County District Attorney's Office actions and conduct as described in the above paragraphs in the furtherance of their conspiracy against Plaintiff.

### 52.

In 2005, the Oregon legislature imposed an "emergency provision" known as SB 528, Oregon Laws 2005, Ch. 463, which is found in the preface to Oregon Revised Statutes, Ch. 136. It reads, in part, as follows:

> Sec. 2  In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by ... within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement facts and the state's intention to rely on it.

### 53.

Plaintiff alleges that the provision as outlined in paragraph 52, do not pertain to him and is being used as a camouflage in the furtherance of the conspiracy between the Defendants to retaliate against him, in violation of the ex post facto laws and Plaintiff's civil rights, and to continue their practice, policy, custom, and usage of racially disproportionate sentencing practices.

### 54.

Plaintiff further alleges that he is receiving this treatment based solely

PAGE 13 - AMENDED CIVIL RIGHTS COMPLAINT

**55.**

in part on the fact that he is African-American, whereas, Multnomah County Circuit
Court and District Attorney's Office have shown a prejudicial disposition towards
that discernible group of people, by given African-Americans larger sentences than
any other race of people.  Plaintiff will submit substantial evidence at trial.

**56.**

Plaintiff alleges that his disproportionate sentence of 50 years for damages
to some bedding material estimated at $175 is on record as being one of the
largest of sentences for such a small damage for arson in Oregon history.

**57.**

Plaintiff further alleges that because of the initial sentences and resentence
were reversed he is now subject to vindictive prosecution through the scheme as
outlined in SB 528, Oregon Laws 2005, Ch. 463 (in modum juratae) which is in
violation of his civil rights.

**58.**

Plaintiff alleges that he has not been arraigned on the new material elemennts
the prosecutor will rely on, nor has the required notice been submitted to the
court or a grand jury.  Plaintiff further alleges because of the meeting of the
minds between the Defendants herein, they have suspended the due process and equal
protection rights all in violation of Plaintiff's civil rights.

**59.**

Plaintiff alleges that the malicious conduct of the Defendants herein, as
stated above is so egregious that it violates substantive and procedural due process
rights under the Fourteenth Amendment to the United States Constitution.

**60.**

Plaintiff further alleges that the malicious and vindictive prosecution by
Defendants herein and sentences of 50 years is so egregious to give rise to be a

PAGE 14 - AMENDED CIVIL RIGHTS COMPLAINT

conscience-shocking misuse of legal proceeding, that deprived him of rights secured under the Constitution of the United States.

### 61.

Plaintiff further alleges that Defendants as "government bodies" acting under the color of state law employed devices as shields (such as SB 528) to cover-up their intentional, knowing, reckless and criminal negligent violations of Plaintiff's individual civil rights under the Substantive and Procedural Due Process, Ex Post Facto, Double Jeopardy, and the Equal Protection Clauses of the United States Constitution.

### 62.

#### (Official Misconduct)

Plaintiff alleges that Defendants herein are public servants within the statutory meaning as that term is defined by state statutes, and the acts and conduct above mentioned herein gives rise to a crime of official misconduct in the first degree, because Defendants in concert with a meeting of the minds and intent to obtain the benefit of obstructing justice, by means of a clandestine undercover conspiracy to deny Plaintiff the equal protection of the laws of the United States Constitution, as well as fair sentencing practices, based on race and retaliation.

### 63.

Plaintiff further alleges that Defendants acted with vindictive intent to obtain the benefit of an unlawful sentence to the extent of causing Plaintiff harm in his person and liberty interests to be free from unconstitutional confinements, and to the detriment of his mental and physical harm.

### 64.

Plaintiff alleges that not only did the Defendants knowingly perform acts that constitute "unlawful and unauthorized exercise of their official duties,"

PAGE 15 - AMENDED CIVIL RIGHTS COMPLAINT

but they carried-out forbidden performances in illegally sentencing Plaintiff twice and continues to do so, for the third time at the present, by "the knowing performance of continuing acts that constitutes unauthorized exercise of the powers and opportunities of their official positions," under the guise of relying on the theory of "absolute immunity," in other-words the "untouchables."

### 65.

Plaintiff alleges that presently the Defendants are attempting to hold a jury trial on enhancement facts to the status of elements of a greater offense than the one found by the jury in October of 1999, or that was in the indictment, nor has he been arraigned on these new charges.

### 66.

### (Tort Claims)

Plaintiff alleges that an aggreement between the conspirators is not necessary to prove conspiracy, but may be inferred from acts done with a common purpose.

### 67.

Plaintiff alleges that on or about April 26, 2006 he filed a "Notice of Tort Claim" to Risk Management Division of the Oregon Department of Administrative services, along with Supporting Affidavit. See Attachment "B".

### 68.

Plaintiff put the State on notice that the State, its agencies, employees, representatives, holders of public trusts and officers have refused to adhere to constitutional mandates that required Plaintiff to be released from custody by September of 2006. The responsible and involved parties have refused to apply the constitutional mandates to Plaintiff based solely on his ethnicity, race and financial status, thereby discriminating against him in violation of the civil rights and excessive imprisonment. See Attachment "B"

PAGE 16 - AMENDED CIVIL RIGHTS COMPLAINT

**69.**

Plaintiff alleges that Defendants through various different state agincies including, but not limited to ODOC, Max Williams, Guy Hall, Mary A. Jenkins, Danielle Hawkins and the Oregon Department of Administrative Services are indirectly involved by turning their heads, therefore allowing and enabling Defendants in bad faith to cover-up the deprivation of his constitutional rights, and continuing to deprive him of his liberty, by means of knowingly using invalid and frivolous court Orders channeled through the Multnomah County Circuit Court and undersigned by Defendant WILSON.

**70.**

Plaintiff alleges that the Defendants have conspired with the various state agencies employees, representatives, holders of public trusts and officers to cover-up the injustice, false and excessive imprisonment, unconstitutional acts and conduct of Defendants herein through government agencies, state courts, including, but not limited to the Oregon Department of Administrative Services [Risk Management under Claim No. L12539] which put the state and its agencies on notice of the acts and conduct of Defendant WILSON and Multnomah County District Attorney's Office, as well as others that had refused to adhere to the constitutitional mandates that called his Sentencing Judgment and confinement into question.

**71.**

Plaintiff alleges that in 2006, after being put on notice, the Oregon Department of Administrative Service (ODOA) unequivacally insisted that Plaintiff seek a state habeas corpus. See Risk Management (Inmate Unit) Claim No. L125239. However, this was an attempt to cover-up the fact that any investigation would reveal that his sentence had expired as far as the incarcerated term.

**72.**

Plaintiff alleges that he filed a state writ of habeas corpus proceeding in

the matter of <u>Larry Lydell Bell Sr. v. Guy Hall</u>, Umatilla County Circuit Court
Case No. CV 061381, that court claimed it was a post-conviction issue.  The
Umatilla County Circuit Court denies 99.9 percent of all habeas corpus proceedings
coming before that court.

73.

Plaintiff alleges that even after the federal court granted relief the
Defendants still refused to properly process Plaintiff's claims through the
ODOA and release him.  Actually the Defendants conspired to submit **priviledged**
including medical records, documents and patient confidential information without
consent through DOC to provide for an unconstitutional process to cover-up his
claims.  (The Oregon Department of Corrections is the same as DOC)

74.

Plaintiff alleges that Defendants DOC, Mary A. Jenkins and Danielle Hawkins
with a meeting of the minds and in concert with Defendant Multnomah County District
Attorney's Office his rights to priviledged and confidential information as a
means to violate his civil rights under the equal priviledges and protection
clauses of the United States Constitution. See Attachment "D"

75.

Plaintiff alleges that through his notice of tort and habeas corpus above
mentioned he put the state, its agencies, employees, respresentatives, holders of
public trust and officers on notice that in accordance with the jury finding in
his underlying conviction for arson, and the sentence scheme as outlined in
Oregon Sentencing Guidelines and the principles of <u>Apprendi</u> and <u>Blakely</u>, that his
prison term of incarceration required his release no later than of September 7,
2006, and any further imprisonment would require monetary damages of at least
$1,500 per day thereafter.

/ / /

Page 18 - AMENDED CIVIL RIGHTS COMPLAINT

## 76.

Plaintiff alleges that he had a liberty interest in being released, as of September 7, 2006, in accordance with the applicable statutes that speak in mandatory language as was outlined in the memorandum of law set forth in both the notice of tort claim and in the habeas corpus proceedings. However, Defendants and ODOA refused to properly process his claims under the Risk Management (Inmate Unit) Claim No. L125239.

## 77.

Plaintiff alleges that the Defendants herein are engaged in a conspiracy against him to cover-up the fact that his release date and the maximum sentence in accordance with the Oregon Sentencing Guidelines had expired along with the present invalidation of Blakely violation portion of his sentence, the cause of the issuance of the federal writ.

## 78.

Plaintiff alleges that he is presently being unlawfully confined in the Multnomah County Inverness Jail under the pretense of waiting a jury trial on additional alleged facts that are not in an indictment, or been charged with them through any tribunal, nor has he been arraigned on them, all under the guise of resentencing, which gives rise to false imprisonment and Defendant WILSON and Multnomah County District Attorney's Office have engaged in collusion to continue the false imprisonment, as well as an unlawful further prosecution to maliciously detain and confine Plaintiff under the false allusion of resentencing

## 79.

Plaintiff alleges that the Defendants in concert in an attempt to upward depart his sentence for an additional ten (10) years of the presumptive sentence falsely entered into the trial court register (OJIN) at (#84) that he had a "Hearing Probation Violation scheduled 10/22/99 1:15 PM TJRW WILSON" and on the

Page 19 - AMENDED CIVIL RIGHTS COMPLAINT

record at the original sentencing Defendant WILSON actually stated that the upward departure was based on Plaintiff being on probation at the time, this was false, and Plaintiff was not on probation and never appeared before Defendant WILSON for a Probation Violation Hearing.  See Attachment "C".

(Actions On Official Bonds)

**80.**

Plaintiff alleges that Defendants in rem are official bonds, security, sureties, and deposits secured for the undertaking, and other security of the official and public officers (named Defendants herein) and renders the sureties of the public officers liable to Plaintiff herein for his injuries by their misconduct and neglect stated herein, and he alleges that by law he is entitled to the benefit of the securities for the acts and conduct alleged in this action.

**81.**

Plaintiff alleges that defendants are public officers, as well as judicial officers and their action and conduct by official misconduct or neglect of their duties forfeited their official undertakings and security of the public officers that renders the sureties of the public officers liable thereon and such injuries to Plaintiff were by their misconduct or neglect of duties of office.

**82.**

Plaintiff alleges that in the event the judicial officer claims an official immunity, however, in such an event the official bond, official undertaking or other security of the public officer are liable thereon, and may still be rendered liable for official delinquencies and the injuries caused by that office.

(In Rem And In Personam)

**83.**

Plaintiff alleges that an action in rem or the alternative in personam may be brought against the DOC, ODOA, Sheriff's Office and their employees Secured

Page 20 - AMENDED CIVIL RIGHTS COMPLAINT

Official Bonds, Securities, Insurance Bonds, Surety Companies and holders in
due course, and any person whom may be liable, to include but not be limited
to the trial court administrator for Multnomah County Circuit Court.

### 84.

Plaintiff alleges and asserts that the in rem proceedings are not just
applicable to vessels to enforce maritime liens, it also encompasses proceedings
analogous thereto such as the herein Official Bonds as defined in ORS 30.210 and
ORS 30.220, or an instrumentality thereof may proceed on in rem principles or
in the alternative in personam.

### 85.

Plaintiff alleges that the DOC and Multnomah County Sheriff's Office have
been aware of the disproportionate sentencing practices of Multnomah County
Circuit Courts for some time and a recent report has shown that the fact to be
true.  The reports will be submitted at trial as evidence. The fact is that
African-American are given longer disproportionate sentence than any other
race of people and the Defendants herein knew and should have known and did
nothing about it.

### 86.

Plaintiff alleges that the property (official bonds) that are the subjects
of this action are documents held in trust, sureties, in surety companies bonding
the office of the Defendants.

### 87.

Plaintiff alleges that he does not have a prior judgment against the
principal and satisfaction thereof is not necessary to have the clerk issue a
warrant with summons directing any person controlling the documents, to be brought
within the control of this Court.

/ / /

Page 21 - AMENDED CIVIL RIGHTS COMPLAINT

(Unconstitutional Confinement)

**88.**

Plaintiff alleges that he was confined in the Multnomah County Jail from June of 2007 to the present under the guise of resentencing. However, Defendants were attempting to hold a trial to present additional facts that are new material elements than the ones relied on to convict and sentence him for Arson in the First Degree.

**89.**

Plaintiff alleges that his conviction as found by the jury on October 14, 1999, required that he serve a presumptive sentence in accordance with the State's Sentencing Guidelines, of which he has already served.

**90.**

Plaintiff alleges that he is presently confined at the Multnomah County Jail waiting sentence to other material elements other than what were alleged in the indictment and found by the jury on October 14, 1999.

**91.**

Plaintiff alleges that his confinement is unconstitutional because he is being held for a greater offense than the Arson in the First Degree, of which he was convicted and has served the presumptive sentence and has not been arraigned on any other charges.

**92.**

Plaintiff alleges that his present confinement is illegal and unlawful because there isn't any "'issue of fact' aris[ing] upon a plea of not juilty." Therefore, the Multnomah County Circuit Court for the Fourth Judicial District lacks jurisdiction upon which to confine him or bind him over for a jury determination on any material element of a crime or enhancement factor.

/ / /

Page 22 - AMENDED CIVIL RIGHTS COMPLAINT

**93.**

Plaintiff alleges that there isn't "issue of fact" that ever existed upon which the Defendants can assert to justify holding Plaintiff in the Multnomah County Jail from June of 2007 until October of 2008, see ORS 135.020.

**94.**

Plaintiff alleges that upon the issuance of a federal writ of habeas corpus dated May 22, 2007, and under Oregon's law Defendants were only permitted to correct the erroneous portion of the sentence, on collateral review, not to attempt to hold a trial.

**95.**

Plaintiff alleges that Defendants were aware of existing case law and precedence that required Defendants to subtract the erroneous term from Plaintiff's sentence, however Defendants refused and under the guise of acting under the color of state law as a tool to unconstitutionally confined Plaintiff for over 16 months without arraignment pursuant to State laws ORS 135.020; ORS 135.030; and ORS 136.010, in violation of due process, equal protection of the laws, and fundamental fair trial rights of the United States Constitution.

(Conflict-of-Interest)

**96.**

Plaintiff alleges that the Defendants herein attempted to finagle the entire judicial system by persistenly allowing Defendant WILSON to preside over the criminal matter of State of Oregon v. Larry Lydell Bell Sr., Mult. Co. Cir. Court Case No. 99-03-31898.

**97.**

Plaintiff alleges that Defendant WILSON had a personal interest in the outcome of the case, because she had been put on notice of a civil lawsuit that commenced in 2005.  She had a personal interest in making sure that Plaintiff

Page 23 - AMENDED CIVIL RIGHTS COMPLAINT

received at the very least twice the presumptive sentence (20 years).

## 98.

Plaintiff alleges that the Defendants engaged in a meeting of the minds after it was clear that Plaintiff had a clear Blakely issue on federal habeas corpus to reinstate the 20-years. However, under their clandestine scheme, Plaintiff was never arraigned and was never lawfully being held to answer for the enhancement facts while under the jurisdiction of the Multnomah County Sheriff's Office. As such Plaintiff alleges that his confinement under the Sheriff's Office of Multnomah County was a false imprisonment.

## 99.

Plaintiff alleges that he was booked into Multnomah County in June of 2007. However, he was being held on charges of Arson in the First Degree. He was never arraigned on any charges or made aware of the actual holding insrtument or official court document(s).

## 100.

Plaintiff alleges that on September 24, 2008, Defendants began to pick a jury and prepared to hold a trial on four (4) newly alleged elements to an already served arson. However, Plaintiff had not been arraigned on any of those alleged "material facts" or enhancement factors, as mandated by state law and under the federal constitution.

## 101.

Plaintiff alleges that Defendants including Defendants Jenkins and Hawkins, whom have engaged in acts that constitutes abuse of authority and the delievery of records and documents that are by law prohibited from disclosure, in the further-ance of a meeting of the minds to carry-out and unconstitutionally expand Plaintiff's imprisonment. Said Defendants turned over documents that are prohibited from disclure to such agencies in the furtherance of their conspiracy against Plaintiff.

Page 24 - AMENDED CIVIL RIGHTS COMPLAINT

### 102.

Plaintiff alleges that certain claims herein may be cognizable under the Federal Rules of Civil Procedure Rule 23(a), as such Plaintiff reserves the rights to proceed in such manner if it becomes apparent.

### CLAIMS

FIRST CAUSE OF ACTION

(Racial Discrimination)

Plaintiff by this reference incorporates paragraphs 1 through 102, the same as if restated herein, and alleges that the Defendants acts and conduct therein constitutes a willful, intentional and knowing racial discrimination against Plaintiff in sentencing practices, because he is African-American and against the laws of the United States of America in disregards to his civil rights:

A) Plaintiff further alleges and asserts that Defendants violated the statutory provisions of federal laws that protects all persons in the United States in their civil rights and for their vindication under the laws to be free from the acts and conduct alleged herein, whereas, Plaintiff alleges that Defendants acting under the color of state law, to enforce policies, practices, customs and usage of racial and institutional racial discriminatory practices in criminal sentencing, in particularly for the purpose of depriving, either directly or indirectly, African-Americans as a class of people from the equal protection of the laws and in fair sentencing practices.

B) Plaintiff, further alleges that the wrongs afore mentioned were carried-out by way of conspiracy and the herein Defendants either committed them, or had the power to prevent or aid in preventing the commission of the same, and they neglected to do so, or they refused to so do, thereby they are liable to Plaintiff

PAGE 25 - AMENDED CIVIL RIGHTS COMPLAINT

for the injuries and damages they caused by such wrongful acts.

## SECOND CAUSE OF ACTION

### (Equal Protection Of The Laws)

Plaintiff by this reference incorporate paragraphs 1 through 102, the same as if restated herein and alleges that Defendants acts and conduct of two or more persons conspired for the purpose of depriving Plaintiff as a member of a class based animus of the equal protection, priviledges and immunities under the laws, or hindered the constituted State of Oregon from giving Plaintiff or securing that Plaintiff will receive the same treatment and equal treatment as others that received a sentence under Oregon Revised Statutes (ORS) 164.325 (Arson in the First Degree) and to have been sentenced within the presumptive sentencing grid-block.

A) Plaintiff, further alleges and asserts that Defendants engaged or caused to be done the above referenced acts in the furtherance of the object of a conspiracy, whereby Plaintiff was injured in his person, as well as his liberty and deprived of having and exercising his rights and priviledges as a citizen of the United States, Plaintiff asserts that he was so injured and derived as to constitute a liability for recovery of damages against any and all Defendants herein.

## THIRD CAUSE OF ACTION

### (Malicious And Vindictive Prosecution)

Plaintiff by this reference incorporate paragraph 1 through 102, the same as if restated herein, and alleges that the Defendants acts and conduct therein constitutes malicous and vindictive prosecution, in violation of the double jeopardy principles and based on vindictiveness, because of two consecutive reversals of the sentences in the underlying criminal case, in violation of Plaintiff's civil rights under the United States Constitution:

PAGE 26 - AMENDED CIVIL RIGHTS COMPLAINT

A) Plaintiff, further alleges and asserts that his sentence of 50 years was reversed on direct appeal to the Oregon Court of Appeals and his sentence of 20 years was reversed by federal habeas corpus as stated in paragraph 20 See supra, at p. 6.

B) Plaintiff, further alleges and asserts that he sustained emotional distress as a result of the unlawful and unconstitutional sentences, and the continued malicious and vindictive prosecutions of sentences without probable cause, or being arraigned on aggravating factors, or grand jury presentment as to the aggravated charge of "Aggravated Arson in the First Degree."

C) Plaintiff, further alleges and asserts that Defendant WILSON is without jurisdiction to preside over such matters and the Multnomah County District Attorney's Office maliciously persist in bringing these frivolous proceedings in violation of the Constitution of the United States.

D) Plaintiff, further alleges and asserts that the above mentioned Defendants needs to be restrained from persistent malicious and vindictive prosecutions, each and ever time the higher courts vacate the sentences imposed by Defendants, as such they are liable to Plaintiff for the injuries and damages they caused by such wrongful acts.

FOURTH CAUSE OF ACTION

(Unlawful And Excessive Imprisonment)

Plaintiff by this reference incorporates paragraphs 1 through 102, the same as if restated herein and alleges that defendants acts and conduct in the furtherance of the object of a conspiracy, whereby Plaintiff was and continues to be injured in his person, and in his liberty interest by being unlawfully detain and imprisoned after the incarceration term of his sentence has expired, and

PAGE 27 - AMENDED CIVIL RIGHTS COMPLAINT

particularly the term in accordance with the jury's finding that convicted him of arson (Oregon's Sentencing Guidelines 10 B):

A)   Plaintiff further alleges and asserts that Defendants violated the statutory provisions of federal laws that protects all persons in the United States in their civil rights and for their vindication under the laws to be free from unlawful and excessive imprisonment in violation of the due process and cruel and unusual punishment clauses of the United States Consitution, wherefore, Defendants are liable to Plaintiff for the injuries to his person and liberty for damages they caused by such wrongful acts.

## FIFTH CAUSE OF ACTION
### (Emotional Distress)

Plaintiff by this reference incorporates paragraphs 1 through 102, the same as if restated herein and alleges that Defendants' acts and conduct as alleged therein casued him pain, suffering, mental anguish, anxieties and constant rise in blood pressure, all as a result of Defendants' continuous harassments, unlawful and unconstitutional sentences, unlawful and excessive imprisonment, conscience shocking sentences and persistent acts and wrongs engaged against him in violation of his constitutional rights to be free from unfair treatment based on race and retaliation, engaged against him by the herein Defendants.

## SIXTH CAUSE OF ACTION
### (In Rem And Alternatively In Personam)

Plaintiff alleges and assert that the property is registered with the Oregon Teasury Office and is in the form of legal documents: Official Bonds, Secured Bonds, Sureties, Insurance Bonds, Surety Companies and holder in due course, and said properties are within the district for this Court's exercise of jurisdiction over

PAGE 28 - AMENDED CIVIL RIGHTS COMPLAINT

the properties:

A) Plaintiff, further alleges that under Oregon's statutory provisions of ORS 30.210 and ORS 30.220, the said res may be had, or in the alternative this Court may seize exact and true copies of the original documents.

B) Plaintiff, further avers that by separate pleadings a formal request is attached hereto and by this reference incorporated herein a "Request for Arrest Warrant," in the name of the United States and as promptly as possible to issue a summons and a warrant for the arrest of the Official Bonds, Secured Bonds, Sureties, Insurance Bonds, Surety Companies and holder in due course, and said properties are within the jurisdiction of this Court.

SEVENTH CAUSE OF ACTION

(Official Misconduct)

Plaintiff by this reference incorporate paragraphs 1 through 102, the same as restated herein and alleges that Defendants as "government bodies" acted under color of state law employed unconstitutional clandestine schemes as shields (E.g., SB 528) to cover-up their real intent, by knowingly, recklessly and with criminal intent and negligence violated Plaintiff's individual rights under the substantive and procedural due process, ex post facto, double jeopardy, and equal protection clauses to the United States Consitution:

A) Plaintiff further alleges and asserts that Defendants herein are Public Servants within the statutory meaning of that term and they acted with vindictive intent to obtain the benefit of imposing unlawful sentences to the extent of causing Plaintiff harm in his person and liberty interests to be free from unnecessary government rigors and unconstitutional deprivation of secured rights, not to be subjected to unconstitutional confinements and to the detriment of his

PAGE 29 - MENDED CIVIL RIGHTS COMPLAINT

mental health and physical wellbeing.

B) Plaintiff further alleges and asserts that Defendants knowingly performed the above mentioned acts that constituted unlawful and unauthorized exercise of their official duties, by carrying-out the herein mentioned forbidden performances in illegally sentencing Plaintiff and attempting to further carry-out additional unconstitutional acts in sentencing Plaintiff, all to purposely cause him harm that so injured and deprived him of his civil rights as to constitute a liability for recovery of damages against all Defendants herein.


## EIGHTH CAUSE OF ACTION

### (Claim For Injunctive Relief)

Plaintiff by this reference incorporated paragraphs 41 through 47, the same as restated herein and alleges that Defendants' acts and conduct herein presents **"special circumstances"** as outlined throughout this complaint of **"proven harassment"** in bad faith with vindictive retaliation in violation of Plaintiff civil rights and ex post facto laws, duouble jeopardy — now in the pretrial — whereas, the additional material element allegations have not been directly charged against him, through indictment, grand jury proceeding, nor has he been arraigned, the statute of limitations has ran out on these new alleged material elements to substantiate an aggravated charge, and the Defendants are proceeding without hope of actually obtaining a valid conviction or sentence to this upgraded charge to this aggravated version of arson.  Wherefore, Plaintiff respectfully request immediate intervention and injunctive relief.


## RESERVATION OF RIGHTS TO AMEND

Plaintiff reserve the rights to assert additional claims.

PAGE 30 - AMENDED CIVIL RIGHTS COMPLAINT

## RELIEF

WHEREFORE, Plaintiff prays for the following relief against all Defendants herein:

1. <u>Injunctive</u> and immediate intervention to restrain Defendants from any continued violation of Plaintiff's Civil Rights and particularly from empaneling an unconstitutional jury to prevent Plaintiff's release and hold him up in the State courts as a vindictive and cruel punishment.

2. <u>Declaratory</u> judgment to determine the rights of the herein Plaintiff and the herein controversy that said Defendants have violated the civil rights of the Plaintiff and are liable for such injuries.

### Monetary

3. Compensatory Damages:

| | | |
|---|---|---|
| A. | Racial Discrimination In Sentencing | $50,000,000. |
| B. | Excessive Imprisonment (per day) | $    2,500. |
| C. | Intentional Infliction of Emotional Distress | $15,000,000. |
| D. | General Damages and <u>reasonable attorney fees</u> | $ |
| E. | Actual Damages | $ 2,500,000. |
| F. | Puntitive Damages | $95,000,000. |

### Verification

I, the undersigned plaintiff, state under the penalty of perjury that I have prepared, read and know the contents of this complaint and requested **in rem** proceedings and that the same is true and correct to the best of my knowledge and beliefs, and is submitted in good faith and not for the purposes of any other.

RESPECTFULLY SUBMITTED BY AND DATED this 14 th day of October, 2008.

LARRY LYDELL BELL SR.
Plaintiff, <u>pro se</u>

PAGE 31 - AMENDED CIVIL RIGHTS COMPLAINT

ATTACHMENT "A"

State v. Bell                    Multi-Page™                    Case No. 9903-31898
Trial, Motions & Sentencing                                    CA No. A111069

Page 198

1  free to disregard them, but that's sort of covered in the
2  evaluating witness testimony.
3       THE COURT: Yeah. And I think that's other
4  than the defendant's request for 2005, and I wasn't sure
5  where that really fit in.
6       MS. WATKINS: Well, I think, again, it leaves
7  the jury up to, you know, since they're the finders of
8  facts, if they feel that the burning of the blankets was
9  reckless rather than intentional, then they could find
10 him guilty of Reckless Burning versus Arson I.
11      THE COURT: Are you asking for a lesser
12 included offense?
13      MS. WATKINS: Well, that was the original
14 theory. Are you still wanting me to include that?
15      THE DEFENDANT: Yes.
16      MS. WATKINS: Mr. Bell still wanted me to
17 include that.
18      THE COURT: Well, if I give a lesser included
19 offense instruction, I also have to tell the jurors that
20 they have to acquit first —
21      MR. ASHTON: I have a — a proposal on that.
22      MS. WATKINS: Is this the one right after...
23      MR. ASHTON: (Handing documents to Counsel and
24 Court).
25      THE COURT: Are we going to get through this

Page 199

1  and arguments tonight?
2       MR. ASHTON: Your Honor, I — I also have a —
3  in light of the questioning regarding the — whether or
4  not the structure was damaged, I have some law that I'd
5  like to discuss and draft up a special requested
6  instruction on that as well. So...
7       THE COURT: So the answer is... It's two
8  minutes after 4:00. We're not —
9       MR. ASHTON: Right.
10      THE COURT: I'm going to excuse the jurors for
11 the evening. I'll ask them to be back here at 9:30
12 tomorrow morning. We'll stay and finish everything so we
13 can roll right into the conclusion of the case tomorrow.
14 And, actually, as soon as they're clear, we're going to
15 take a break —
16      MR. ASHTON: Okay.
17      THE COURT: — and then we'll finish this.
18 Brian, why don't you let them go. Tell them I said not
19 to talk about this case.
20      THE CLERK: I will tell them that. 9:30?
21      (Recess: 4:03-4:30 p.m.)
22      THE COURT: Well, we were last working on the
23 lesser included offense instructions. The way I propose
24 to do this is to start with a form of — something based
25 on Uniform 1008. The charged crimes of Arson in the

Page 200

1  First Degree — I would say the charged crime of Arson in
2  the First Degree has, as a lesser included offense, the
3  crime of Reckless Burning. To establish Reckless
4  Burning, the State must prove each of the following three
5  elements: One, the act occurred in Multnomah County;
6  two, the act occurred on or about March 7, 1999; and,
7  three, Larry Bell, Sr., recklessly damaged the property
8  of Narendra Patel, doing business as Mel's Motor Inn, by
9  fire. And, by the way, I was reminded as I was working
10 on this that in the main elements instruction for the
11 three charged crimes, it says "the defendant," and I
12 think I ought to say "Larry Bell, Sr.", and insert his
13 name, and I intend to do that.
14      Anyway, after that, I will give the order of
15 deliberation instruction, as proposed by the State, and
16 the uniform instructions. The way the pattern usually
17 goes is then I would give 1010, which is an explanation
18 and comparison of the elements of the charged offenses
19 and a lesser included offense, and I haven't gotten
20 anywhere with that. That's always the one that's the
21 most time-consuming.
22      Does anybody have a proposal on that?
23      MS. WATKINS: Not right now.
24      MR. ASHTON: Well, it's defense's request.
25 What other courts have done is just to point out what

Page 201

1  elements are in common, which ones are not —
2       THE COURT: I know. The problem is when you've
3  got three counts of the same charge and —
4       MR. ASHTON: Right.
5       THE COURT: — under different theories, that's
6  what makes it complicated in this case. Normally it's
7  not too bad.
8       Well, I'll work on that.
9       (Pause.)
10      THE COURT: Okay. Well, let me tell you where
11 I think we are and what I will be plugging into this.
12      In Count 1, the charged crime of Arson in the
13 First Degree requires proof beyond a reasonable doubt
14 that the defendant acted intentionally and that he
15 damaged protected property. The lesser included offense
16 of Reckless Burning requires proof of recklessness, not
17 intent, and that the property damaged was plain property,
18 not required to be protected property as that's defined.
19      In Count 2, to prove the charged offense of
20 Arson in the First Degree, the State is required to prove
21 that the act was done intentionally; what was damaged by
22 fire was a dwelling; and that that act recklessly placed
23 protected property in danger of damage.
24      MR. ASHTON: A dwelling or contents, as I —
25 all we're required to prove is that it's property, and

CHRISTINE M. ERVIN, CSR, CRR                    Page 198 - Page 201
1021 S.W. Fourth Ave., Room 503, Portland, OR • (503) 988-3172

State v. Bell                  Multi-Page™                  Case No. 9903-31898
Trial, Motions & Sentencing                                CA No. A111069

Page 202

1  then in our indictment, I think we said certain property,
2  to wit a dwelling and contents, but that's "or contents."
3      THE COURT: Okay. And in Count 3, to prove
4  Arson in the First Degree, as alleged by the State, the
5  State would have to prove that the act was done
6  intentionally; and that the intentional act damaged
7  dwelling or contents; and recklessly placed another
8  person in danger of physical injury, whereas, again,
9  Reckless Burning requires recklessly, not intentionally,
10 and damage to property without any of those additional .
11 matters.  Does that --
12     MR. ASHTON: That sounds fine, Your Honor.
13     THE COURT: Well, I'll get that in writing.
14         (Pause.)
15     Okay.  Is there something else, Ms. Watkins?
16     MS. WATKINS: No.
17     THE COURT: Okay.
18     Now, the State, I understand, is going to ask
19 for another special requested instruction based on the
20 commentary in the criminal code.
21     MR. ASHTON: Right.  I was struggling to
22 find -- well, I was unable to find a definition of what
23 constitutes a structure, and I found this 1971 criminal
24 code where they're discussing the legislate -- or the
25 Legislature is discussing what they intended to do with

Page 203

1  these arson statutes, and it appears to me that, with the
2  underlying rationale for these crimes being the
3  protection of life or safety of humans, um, then I don't
4  think it's an accurate statement of the law for there to
5  be arguments that carpet inside of a dwelling is not part
6  of the protected property.  In other words, the -- I have
7  a proposal that I would submit that could be applicable
8  to Count 1, and in this case, we had testimony by
9  Mr. Patel that the wood flooring underneath the carpet
10 was scorched or burned as he saw it, and it's going to be
11 our argument that that's sufficient.  It's my belief that
12 the Legislature intended the fixtures that are affixed to
13 structures and buildings customarily occupied by people
14 to be considered part of the structure, but I can't find
15 anything that says that in so many words.
16     So I would ask the Court to read this or a
17 variation of this and direct the jury to consider it as
18 to Count 1.  My misgivings are that I believe that the
19 general term "damage" should be viewed to include smoke
20 damage, and I can conceive of situations where protected
21 property is damaged by smoke, and my view is that that
22 should still be an Arson in the First Degree as damage to
23 protected property, although this commentary seems to
24 indicate there has to be some kind of burning.
25     THE COURT: Ms. Watkins.

Page 204

1      MS. WATKINS: I would definitely object to any
2  special instruction that basically comments on the
3  evidence. If there is something, some case law out there
4  that says that fixtures and carpets are to be included in
5  the definition of "protected property," then I don't have
6  any objection, because I can't -- because that's what the
7  law says.
8      But, as I understand the definition and as I
9  read the definition, it does not say carpet or fixtures,
10 and I think that by giving such a special instruction,
11 we're commenting on the evidence.  The jurors are to
12 decide whether they believe the carpet is part of a
13 protected property.  They're to decide was the protected
14 property in threat, was the protected property damaged,
15 and they have to decide -- they have to decide that to
16 determine whether there's arson.
17     And now the State is asking you to take part of
18 their decision away.  The State is asking you to tell the
19 jury that, yes, burning this carpet damaged the property,
20 which is essentially what we would be doing by giving
21 them this special instruction.  We're telling them
22 damaged carpet is damage to protected property, so
23 therefore we have arson.  I think that's an issue of fact
24 that needs to be left to the jury.  It's not included in
25 the definition of protected property.  It's a comment on

Page 205

1  the evidence, and it's inappropriate.
2      THE COURT: Well, I don't think this proposed
3  instruction tells them that the carpet is part of the
4  structure.  If anything, I think this instruction tells
5  them something more narrow than the broader instruction,
6  and that more narrow thing is that there must be an
7  ignition of some part of the protected property resulting
8  in a perceptible change in its composition, which would
9  run contrary to the smoke analysis.
10     MR. ASHTON: Right.  That's fine.
11     THE COURT: Mr. Ashton is saying he thinks this
12 commentary provides for a narrower definition than the
13 broader definition of arson in the statutory language
14 alone.
15     In fact, just the language of the uniform
16 instruction, based on the statute, intentionally damaged
17 the property by starting a fire, and the property was
18 protected property could encompass -- you can start a
19 fire in a metal container that you bring in that fills
20 the place with smoke and ruins everything in it.  That, I
21 would think, would fall under the definition of
22 intentionally damaging property by starting a fire, but
23 under the commentary under this proposed instruction
24 wouldn't satisfy Arson in the First Degree.  The fire
25 itself has to go to some part of the structure.

CHRISTINE M. ERVIN, CSR, CRR                    Page 202 - Page 205

ATTACHMENT "B"

Larry Lydell Bell Sr.
SID #4696049
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR  97882

April 26, 2006

NOTICE OF "TORT CLAIM"

TO:    Risk Management Division
       Department of Administrative Services
       1225 Ferry Street S.E., U150
       Salem, OR  97301-4287

RE:    Tort Claim Notice of Excessive Imprisonment.

Dear Risk Management Respresentive:

Pursuant to the provisions of ORS 30.275 and within 180 days of a perceived injury and loss of liberty caused by state officials, officers, employees and/or agents this office is being notified of my intent to initiate legal action against state officials and/or agencies involved in the injury/loss/deprivation outlined herein, unless timely and appropriate redress is provided to me.

The date of injury, loss, and deprivations of rights are effectively occurring on September 7, 2006, and thereafter until the release from custody.  The amount of damages accruing at one thousand five-hundred dollars ($1,500.00) a day until released from custody.

The State of Oregon, its agencies, employees, representives, holders of public trusts and officers have refused to adhere to constitutional mandates that requires Claimant be released from the physical custody of the Department of Corrections by September 7, 2006.  The responsible and involved parties have refused to apply the constitutional mandates to Claimant herein based solely on his ethnicity, race and financial status, thereby discriminating against him in violation of his civil rights, equal protection of the laws, due process, equitable treatment, liberty interest, excessive imprisonment and cruel and unusual punishment. All of these deprivation were carried out through a "meeting of the minds" between state official, agencies, employees, representives, holders of public trusts and officers against Claimant, because of his specific "class based animus".

At the present time, all involved are in concert with one another in bad faith, to deprive and continue depriving Claimant of his liberty by means of an invalid and frivolous judgment order. See  Supporting Memorandum of Law and Affidavit attached hereto and by this reference made a part hereof.

NOTICE OF TORT CLAIM
Risk Management Division
Department of Administrative Services
April 26, 2006
Page 2


    Claimant Larry Lydell Bell Sr., has and/or will be injured
by the above mentioned entities, Tort-feasor by knowingly and
willfully sustaining an invalid and unconstitutional intrument
so-called "Judgment of Conviction and Sentence" and the use of
such falsifying documents to defraud the claimant Larry Lydell
Bell Sr., as a means to substantiate the unconstitutionally
excessive imprisonment.  As such, **you are hereby notified of a
tort claim**, against all involved and responsible parties.

    If further information is desired, I can be contacted at the
above-indicated address.  Any offer of a method of resolving this
claim should be directed to me at the same address.

    DATED this _26th_ day of April, 2006.


                              Respectfully submitted,



                              Larry Lydell Bell Sr.
                              Claimant.

## NAMES AND ADDRESSES OF DEFENDANTS

Oregon Department of Corrections
2575 Center Street, N.E.
Salem, OR 97310

Guy Hall, Superintendent
Two Rivers Corr. Inst.
82911 Beach Access Rd.
Umatilla, OR 97882-9419

Douglas M. Bray
Trial Court Administrator
Fourth Judicial District
Multnomah County Courthouse
1021 S.W. Fourth Avenue
Portland, OR  97204-1123

Paul J. De Muniz
Chief Justice
Supreme Court Building
1163 State Street
Salem, OR  97310

PAGE 3—NOTICE OF TORT CLAIM

Larry Lydell Bell Sr.
SID #4696049
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR  97882


AFFIDAVIT
IN SUPPORT OF TORT CLAIM

STATE OF OREGON      )
                     ) ss:
County of Umatilla   )


I, Larry Lydell Bell Sr., being first duly sworn, depose

and say:

1.  That I was tried to a jury in the Multnomah County Circuit
    Court Case No. 9903-31898, and found guilty of Reckless
    Burning (Lesser-included offense) and arson in the first
    degree, for an estimated total damage of one hundred
    seventy-five dollars ($175.00); and the Claimant herein;

2.  That the maximum sentence authorized for the conviction
    under the jury findings is in accordance with the Oregon
    Sentencing Guidelines, coordinates at 10B, for a maximum
    range of 116-120 months.  See Memorandum of Law in
    Support of Petition for Habeas Corpus and Demand for
    Immediate Release, attached hereto and by this reference
    incorporated herein;

3.  That it is apparent that the present Judgment of Conviction
    and Sentence exceeds the lawful statutory maximum, and
    Claimant has brought this to the attention of the responsible
    and involved courts, officers, agencies, employees,
    representatives, holders of public trusts, and all are
    involved and responsible as parties in concert and blatantly
    have allowed it and/or violated the Fifth, Sixth, Eighth
    and Fourteenth Amendments to the United States Constitution,
    to enforce, sustain and continue the excessive imprisonment,
    by means of a meeting of the minds with other state
    officials, employees, agencies, representatives, holders of
    public trusts, while knowingly applying an invalid judgment
    order that is in violation of Claimant's constitutional
    rights under the Fifth, Sixth, Eighth and Fourteenth
    Amendments to the United States Constitution to purposely
    incarcerate me through excessive unconstitutional imprison-
    ment;

4.  That I have brought it to the attention of the involved
    agencies, employees, representatives, holder of public trusts,
    and officers of the courts that are involved in this illegal

and excessive imprisonment by means of proper legal remedies and written notice, however, I believe them to have conspired with the initiator of invalid judgment order to sustain and continue the unconstitutionally excessive term of imprisonment;

5.   That I have filed with the Multnomah County Circuit Court a Motion to Modify and Correct Erroneous Term of the Judgment (Case No. C99-03-31898), along with two direct appeals, a declaratory judgment action (Case No. 0509-09400), writ of mandamus proceedings, all to no avail, as though the state courts are working in concert to sustain invalid judgment and illegally excessive imprisonment, they are all put on notice;

6.   That I have personally researched the Arson in the First Degree sentences throughout D.O.C, for the past six years and portions of Oregon's history in these regards and I found that the sentence handed down to me was the largest in Oregon's history for the amount of damage of one hundred seventy-five dollars ($175.00) estimated by owner of the Mel's Motor Inn (no threat to human life);

7.   That I sincerely believe and will be able to prove that my sentence was handed down by racial motivation and the fact that I was indigent and unable to afford to pay for my own represention that precipitated into the unconstitu-tional judgment and excessive imprisonment;

8.   That on September 6, 2006, my release will become immanent and that all the above mentioned entities have, at one time or another, been and/or are in concert with the other, forming a "meeting of the minds" to obstruct my liberty by means of sustaining the illegal and unconsitutional "instru-ment" carried out in the form of a "judgment" to substantiate an excessive imprisonment, the above and herein mentioned entities acted outside of the law and their judicial, professional, and public trusts to enforce and carry out the very instrument that abridges both state and federal laws, a custom, usage, and practice under the color of state law;

9.   That I believe and will prove that all of the above mentioned acts, practice, usage and customs were carried out and done in bad faith with a disregard to human dignity, honor and indifference to the constitutions of both state and the United States;

10.  That all the involved and responsible parties agents, employees and above mentioned in their acts did commit constitutional impermissible application of the statutes, laws and/or policies as against the Claimant/Affiant;

Page 2 of 3 - AFFIDAVIT IN SUPPORT OF TORT CLAIM

11. That the acts of the the State of Oregon, its agencies, employees, representatives, holders of public trusts and officers have refused to adhere to the constitutional mandates as prescribed by the United States Constitution and its interpretation in Apprendi/Blakely, and such acts did cause injury and damages being that they have allowed for excessive imprisonment;

12. That said agent/employee and responsible parties stipulated and agreed to the violations, misapplication and the damages as stipulated via the agreement as established by Conditional Acceptance, and due notice being given through the ordinary course of the law, served on the agent/employee through the judicial process and remedies of law, to correct the wrongs and invalid instruments.

WHEREFORE, this Affidavit in Support of Tort Claim supports

Claimants' Notice of Tort Claim and damages and is True, and Certain.

Larry Lydell Bell Sr.
Affiant/Claimant

THIS instrument was acknowledged before me on: April 26, 2006.

By: Larry L. Bell

Sharon Jean Justus
NOTARY PUBLIC
My Commission Ecpires 08-30-09

OFFICIAL SEAL
SHARON JEAN JUSTUS
NOTARY PUBLIC-OREGON
COMMISSION NO. 394353
MY COMMISSION EXPIRES AUG. 30, 2009

Page 3 of 3 - AFFIDAVIT IN SUPPORT OF TORT CLAIM

STATE OF OREGON          )
                         )  ss.        **PROOF OF SERVICE**
County of Umatilla       )

I certify that on the 26<u>th</u> day of _April_ ,200_6_,I

served a copy of the attached Notice of Tort Claim to the

persons or parties listed below,via United States Postal

Service,postage-paid,addressed as follows:


Inmate Claims Unit
Risk Management Division
Department of Administrative Services
1225 Ferry Street,S.E.,U150
Salem,OR 97301-4287


_____
                        AFFIANT/CLAIMANT


**SUBSCRIBED AND SWORN TO** before me this _26th_ day of _April_ ,

200_6_,by _Larry L. Bell_ .

_Sharon Jean Justus_
                  NOTARY PUBLIC

My Commission Expires:_08-30-09_


OFFICIAL SEAL
SHARON JEAN JUSTUS
NOTARY PUBLIC-OREGON
COMMISSION NO. 394353
MY COMMISSION EXPIRES AUG. 30, 2009


PAGE 1-PROOF OF SERVICE

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                  FOR THE COUNTY OF UMATILLA

6   In the Matter of the Application of    )
    LARRY LYDELL BELL SR., for a Writ      )
7   of Habeas Corpus:                      )    Case No. CV 06/381
                                           )
8   LARRY LYDELL BELL SR.,                 )
                                           )    PETITION FOR WRIT
9                            Plaintiff,    )    OF HABEAS CORPUS
                                           )
10              v.                         )
                                           )
11  GUY HALL, Superintendent of Two        )
    Rivers Correctional Institution,       )
12                                         )
                             Defendant.    )
13

14          Guy Hall is the duly appointed Superintendent at the

15  Two Rivers Correctional Institution, in Umatilla, Oregon.

16                           1.

17          Plaintiff is currently incarcerated at the Two Rivers

18  Correctional Institution, in Umatilla, Oregon.

19                           2.

20          The cause and pretense of Plaintiff's incarceration is

21  by virtue of Judgment of the **Multnomah County Circuit Court**,

22  in the matter of **STATE OF OREGON v. LARRY LYDELL BELL SR.**,

23  Case No. 9903-31898.

24                           3.

25          Plaintiff is deprived of his constitutional rights that

26  requires the immediate judicial attention and for which no

Page 1 – **PETITION FOR WRIT OF HABEAS CORPUS**

1   other timely or adequate remedy is available.  The legality of

2   this claim has not been previously adjudged in any prior habeas

3   corpus.  The plaintiff's incarceration is unconstitutional for

4   the following reasons:

5       A:  The State of Oregon, its agencies, employees, represent-

6   ives, holders of public trusts and officers have refused to

7   adhere to constitutional mandates that required plaintiff be

8   released from the physical custody of the Department of Correct-

9   ions by September 7, 2006, thereby discriminating against him in

10  violation of his civil rights, equal protection of the laws, due

11  process, equitable treatment, liberty interest, excessive impris-

12  onment and cruel and unusual punishment.  See Plaintiff's Memo-

13  randum of Law In Support of Petition For Habeas Corpus, attached

14  hereto, and by this reference incorporated herein.

15      B:  Plaintiff's continued imprisonment is an unconstitutional

16  confinement that requires immediate judicial scrutiny.

17  Plaintiff's conviction and sentence judgment is invalid and

18  constitutionally unlawful, under Blakely v. Washington, 542 U.S.

19  296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000), in

20  that the imposition of an upward durational departure sentence

21  on his arson conviction.  This case requires immediate judicial

22  scrutiny, because under the sentencing guidelines' post Blakely

23  decisions, his sentence will have been fully served and

24  immediate release is imminent as of September 7, 2006.  See

25  Plaintiff's Memorandum of Law In Support of Petition For Habeas

26  Corpuse, attached hereto, and by this reference incorporated

Page 2 - PETITION FOR WRIT OF HABEAS CORPUS

1    herein.

2                                    **4.**

3         Said imprisonment and retraint is not by virtue of any

4    process issued by any court of the United States or by any judge

5    or commissioner has exclussive jurisdiction by virtue of the

6    commencement of an act, suit, or other proceeding in such court

7    and before such judge, commissioner of officer thereof.   The

8    alleged inllegality of petitioner/plaintiff's imprisonment and

9    restraint is not by virtue of any judgment or decree of a

10   competent tribunal of civil or criminal jurisdiction wherein

11   such tribunal has exclusive jurisdiction.

12                                   **5.**

13        The alleged illegality of the imprisonment and restraint

14   of the plaintiff has not been ruled upon in any other Habeas

15   Corpus action.   Plaintiff has sought and exhausted those

16   administrative remedies available to him to the best of his

17   abilities, and plaintiff now believes that invoking the jurisdic-

18   tion of this court to grant a Writ of Habeas Corpus is the most

19   appropriate method of gaining relief from the deprivations detailed

20   herein, and by reference here incorporate the Memorandum of Law

21   In Support of Petition For Habeas Corpus and Demand For Immediate

22   Release, attached hereto and made a part hereof.

23        WHEREFORE, plaintiff respectfully prays that a Writ of Habeas

24   Corpus be granted, directed to the defendant, Commanding him to

25   have the body of the plaintiff brought before your honors, or

26   any one of you, at a time and date specified, together with the

Page 3 - **PETITION FOR WRIT OF HABEAS CORPUS**

1  alleged authority for the imprisonment, incarceration and

2  restraint of the plaintiff, and the issued Writ, and that this

3  court grant relief appropriate to redress the deprivations

4  alleged herein, including plaintiff's release from custody, if

5  appropriate, and such other, further relief as the court might

6  deem just, equitable and proper.

7                          **Verification**

8      I, the undersigned plaintiff, state under the penalty of
   perjury that I have prepared, read and know the contents of this

9  petition and that the dame is true and correct to the best of my
   knowledge and beliefs.

10     DATED this _22 nd_ day of _September_ , 2006.

11

12                         Respectfully Submitted by

13

14                         _____

15                         Larry Lydell Bell Sr.
                           Plaintiff

16

17

18

19

20

21

22

23

24

25

26

Page  **4 – PETITION FOR WRIT OF HABEAS CORPUS**

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF UMATILLA

6   In the Matter of the Application of   )
    Larry Lydell Bell Sr., for a Writ     )
7   of Habeas Corpus:                     )     Case No _____
                                          )
8   LARRY LYDELL BELL SR.                 )     **MEMORANDUM OF LAW IN**
                                          )     **SUPPORT OF PETITION**
9                          Plaintiff,     )     **FOR HABEAS CORPUS AND**
                                          )     **DEMAND FOR IMMEDIATE**
10       v.                               )     **RELEASE**
                                          )
11  GUY HALL, Supt. Two Rivers            )
    Correctional Institution,             )
12                                        )
                         Defendant.       )
13

14              M E M O R A N D U M   O F   L A W

15       COMES NOW, Plaintiff Larry Lydell Bell Sr., by and through

16  this Memorandum of Law and hereby offer it in support of his

17  points and authorities for Habeas Corpus and demand for immediate

18  release from custody.

19  I.   Sentencing Scheme.

20       The sentencing guidelines controls the sentences for felonies

21  committed after November 1, 1989. ORS 137.699.  The Oregon

22  Criminal Justice Council (commission) created the guidelines as

23  administrative rules, but, because the legislature approved them

24  in 1989, they have the authority of statutory law.  State v.

25  Langdon, 330 Or. 72, 74, 999 P.2d 1127 (2000); Or. Laws 1989, ch.

26  790 § 87.

Page  1 - MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

1      **A.    Historical Background.**

2           Under the guidelines, a sentencing judge was permitted to

3      impose an upward durational departure sentence greater than the

4      presumptive sentence, if the judge found "substantial and

5      compelling reasons" for such departure, so-called "aggravating

6      factors."  OAR 213-008-0001; see also OAR 213-003-0001(8)(defin-

7      ing "durational departure" as "a sentence which is inconsistant

8      with the presumptive sentence as to term of incarceration ...").

9      This sentencing scheme provided a judge could not impose a depar-

10     ture sentence that exceeded more than twice the maximum duration

11     of the presumptive sentence or that exceeded the statutory

12     maximum indeterminate sentence described in ORS 161.605.   See

13     OAR 213-008-0003(2).

14          In the present case Plaintiff was found guilty of Arson in

15     the first degree by a jury, in STATE OF OREGON v. LARRY LYDELL

16     BELL SR., Multnomah County Circuit Court Case No. 9903-31898.

17     Plaintiff objected to any upward durational departure sentence at

18     his sentencing as a federal constitutional requirement for a jury

19     trial and due process prohibited the trial court from imposing a

20     sentence greater than the "presumptive sentence", established in

21     the sentencing guidelines and determined by the seriousness of

22     the crime and his criminal history.  He relied on the holding in

23     Apprendi v. New Jersey, 530 U.S. 466 (2000), as the presumptive

24     sentence was the statutory maximum sentence based on the jury

25     finding.  See Sentencing Transcript, pp. 37-43 (October 14, 2002).

26     / / / / / /

Page 2 - **MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS**

1   **B.    The Presumptive Sentence is The Statutory Maximum
2           Sentence Not The Indeterminate Sentence.**

3       The presumptive sentence in this case is accorded at grid-
4   block **10B**, for a range of **116-120 months**.  The statutory maximum
5   sentence is the "presumptive sentence."  See Blakely v. Washington,
6   542 U.S. 296 (2004).

7       The guidelines describe the presumptive sentence range as
8   the "appropriate punishment" for a crime based on "the seriousness
9   of the crime of conviction * * * and the offender's criminal
10  history." OAR 213-002-0001(3)(d).  A sentencing judge must impose
11  a presumptive sentence * * * unless there are 'substantial and
12  compelling' reasons in aggravation or mitigation * * *."  State
13  v. Davis, 315 Or. 484, 847 (1993).

14      The Sixth Amendment, as interpreted in Blakely, prohibits the
15  trial court from imposing a sentence in excess of the presumptive
16  sentence unless a jury finds the aggravating facts or the
17  defendant effectively waives that jury trial rights.  See also
18  State v. Dilts, 337 Or. 645 (2004); State v. Sawatzky, 195 Or.App.
19  159 (2004); State v. Allen, 202 Or.App. 565 (2005); State v.
20  Perez, 196 Or.App. 364, rev. allowed 338 Or. 488 (2005).  In this
21  case no jury has found any aggravating factor that would allow for
22  a greater sentence than the presumptive sentence.

23      Blakely confirmed the Apprendi holding that "the prescribed
24  statutory maximum" is the offender's presumptive - maximum sentence,
25  for that is the maximum sentence that may be imposed based on the
26  jury finding beyond a reasonable doubt.  Blakely, 124 S.Ct. at 2537.

Page 3 - MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

1   (citing Apprendi, 530 U.S. at 488).

2      Thus, without the exercise of Plaintiff's Sixth Amendment

3   jury trial rights, to a finding of any "enhancement fact," his

4   maximum sentence would have to be in accordance with the sentenc-

5   ing guidelines' gridblock at **10B**, for a maximum of **116-120 months**

6
7
8        1.   **Blakely/Apprendi Impact on Plaintiff's Sentence Requires A Release No Later Than 90 Months Under The Mandatory Minimum ORS 137.700(2)(b)(A) Released By September 7, 2006.**

9      Plaintiff's continued imprisonment is an unconstitutional

10   confinement that requires immediate judicial scrutiny. Plaintiff's

11   conviction and sentence judgment is invalid and constitutionally

12   unlawful, under Blakely v. Washington, 542 U.S. 296 (2004) and

13   Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the imposi-

14   tion of an upward durational departure sentence on his arson

15   conviction.   This case requires immdiate judicial scrutiny, be-

16   cause under the sentencing guidelines' post Blakely decisions,

17   his sentence will have been fully served and immediate release is

18   imminent as of September 7, 2006.

19      Under the sentencing scheme of a "presumptive sentence,' the

20   rules that applied to indeterminate sentences under ORS 161.605(1)

21   (maximum indeterminate prison sentence that may be imposed for

22   Class "A" felony is 20 years), is not plausible to the present

23   "presumptive sentence."   This has been established by the United

24   States Supreme Court's holding in Blakely v. Washington, supra,

25   and that Court's vacate and remand of Dilts I. See Dilts v.

26   Oregon, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d (2004).

Page 4 - **MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS**

1    Dilts I, held that:

2         "ORS 161.605 established the maximum penalty
          for the crime that defendant had committed and
3         that defendant's sentence therefore was
          constitutional under Apprendi because it had
4         not exceeded that prescribed statutory minimum."

5    Dilts I, 336 Or. at 175-76.  The Blakely Court rejected that

6    same proposition upon which Dilts I held: "that the statutory

7    maximum sentence for Apprendi, purposes is the statutory indeter-

8    minate maximum sentence, rather than the guidelines' presumptive

9    sentence."  Dilts II, 337 Or. at 649.

10   Dilts II, the state conceded:

11        "Specifically, the state concedes that Blakely
          rejected the proposition, upon which this court
12        based its holding in Dilts I, that the statutory
          maximum sentence for Apprendi purposes is the
13        statutory indeterminate maximum sentence, rather
          than the guidelines' presumptive sentence."
14
     Id. at 649.
15
          The state cannot now argue that the statutory indeterminate
16
     sentence is the maximum sentence.  It is well settled that the
17
     presumptive sentence in the gridblock is the maximum sentence.
18
     In this case that maximum sentence would be 116-120 months.
19

20   II.  Post-Prison Supervision is Mandatory Under Oregon's
          Statutory Sentencing Scheme.
21
          ORS 137.010(10) provides that a "judgment of conviction that
22
     includes a term of imprisonment for a felony committed on or after
23
     November 1, 1989, shall state the length of incarceration and the
24
     length of post-prison supervision."
25
          The statute making post-prison supervision mandatory is ORS
26

Page 5 - MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

1   144.085, which provides in pertinent parts:

2        ORS 144.085 <u>Active parole and post-prison</u>
       <u>supervision</u>.

3           "(1) All prisoners sentenced to prison for
more than 12 months **shall** serve active periods

4        of parole or post-prison supervision as follows:

5           "* * * * * * * * * *"

6        "(e) Prisoner sentenced for * * *, or for
arson in the first degree under ORS 164.325
**shall** serve three years of active parole or

7        post-prison supervision." (Emphasis added)

8   **A.**   <u>The Mandatory Post-Prison Supervision Must be</u>
<u>Deducted From The "Presumptive Sentence" Not</u>

9        <u>The Indeterminate Sentence.</u>

10     Under Oregon's statutory laws it makes post-prison supervis-

11 ion mandatory. Especially, in light of the <u>Blakely/Apprendi</u>,

12 holdings, when properly construed they constructively mandate

13 that the presumptive sentence in accordance with the jury's

14 findings, not the indeterminate sentence is the maximum sentence

15 for the offense upon conviction by the jury. <u>Ibid</u>.

16     ORS 144.085, mandates that all prisoners serving a sentence

17 of more than 12 months "shall" serve a period of post-prison

18 supervision. However, OAR 213-005-0002(4) says that if the sum of

19 the offender's term of incarceration and term of post-prison

20 supervision (PPS) exceed the statutory maximum for his crime as

21 specified in ORS 161.605, the sentencing court must "reduce the

22 duration of [PPS] to the extent necessary to conform the total

23 sentence length to the statutory maximum." <u>State v. Remme</u>, 173

24 Or.App. 476, 566 n. 16 (2001)(<u>dicta</u>, noting that on remand for

25 resentencing, "the statutory maximum * * * applies to the 'total

26 sentence length,' which includes both the term of incarceration

1   and" PPS).  The 1993 Legislature created this provision. Or. Laws

2   1993, ch. 692, § 1(1).  Assuming this amendment to OAR 213-005-

3   0002(1) is valid, to crimes committed on or after November 1,

4   1993.

5       OAR 213-005-0002, provides in partinent part:

6       "(1) A term of community supervision is part of
        the sentence for any felony offender who is sentenced
7       to the legal and physical custody of the Department
        or to the supervisory authority.  This term of commun-
8       ity supervision shall be described as post-prison
        supervision.  **Departure on the duration of post-prison**
9       **supervision** shall **not be allowed.**

10      "(2) The duration of post-prison supervision
        shall be determined by the crime seriousness category
11      of the most serious current crime of conviction:

12      "(a) One year for Crime Categories 1-3, two
        years for Crime Categories 4-6 and three years for
        Crime Categories 7-11.

13      "* * * * * * * *

14      "(4) The term of post-prison supervision, when
        added to the prison terms, shall not exceed the
15      storutory maximum indeterminate sentence for the
        crime of conviction.  When the total duration of any
16      sentence (prison incarceration and post-prison
        supervision) exceeds the **statutory maximum indetermi-**
17      **nate sentence described in ORS 161.605,** the sentencing
        judge shall first reduce the duration of post-prison
18      supervision to the extent necessary to conform the
        total sentence length to the statutory maximum."

19  (Emphasis added).  The holding in Blakely, that the "statutory

20  maximum sentence" for Apprendi purposes is the "presumptive

21  sentence," rather than the indeterminate sentence under ORS

22  161.605, [see Dilts II, 337 Or. at 649], has constructively

23  nullified OAR 213-005-0002(4), to the extent of the language

24  specifying ORS 161.605 as the "statutory maximum," from which the

25  term of PPS should be deducted.

26

1    We now know, <u>post Blakely</u>, that the statutory maximum, is

2    not the indeterminate sentence pursuant to ORS 161.605. Thus,

3    the PPS in this case must be deducted from the "presumptive

4    sentence in accordance with the sentencing guidelines' gridblock

5    **10B,** the range of **116-120 months.**  Until the Oregon's Legislature

6    amend the sentencing guidelines' defect to compart with the Sixth

7    Amendment jury trial rights, the "indeterminate sentence,"

8    pursuant to ORS 161.605 is inapposite to plaintiffs sentence.

9    B.    **The Maximum Term of Incarceration in this**
           **Case is The 90 Months (Ballot Measure 11)**
10         **With 30 Months Post-Prison Supervision.**

11    ORS 137.700(2)(b)(A), requires that plaintiff serve a

12    mandatory minimum sentence of 90 months, prior to post-prison

13    supervision.  The maximum sentence is the presumptive sentence of

14    gridblock 10B, range of 116-120 months.  ORS 144.085, speaks in

15    mandatory laguage (<u>i.e.,</u> "**shall serve active periods of** ... post-

16    prison supervision) giving rise to a liberty interest in a term

17    of community supervision (PPS) as part of his felony sentence.

18    <u>See Baumann v. Arizona Dept. of Corr.</u>, 754 F.2d 841, 844 (9th

19    Cir. 1985).

20    Significantly, a statute that uses mandatory language, <u>e.g.,</u>

21    "shall" creates a liberty interest when a statute or regulation

22    limits the discretion of the decisionmaker and uses "explicitly

23    mandatory language."  ORS 144.085, speaks in explicitly mandatory

24    language that "[a]ll prisoners sentenced to prison for more than

25    12 months shall serve active periods of ... post-prison

26    supervision.

1    Plaintiff's sentence under ORS 137.700(2)(b)(A) (Measure 11)

2    requires he serves a mandatory minimum of 90 months prior to post

3    prison supervision.  The maximum sentence is 116-120 months.  The

4    term of community supervision (PPS) is part of the sentence and

5    is mandated, pursuant to ORS 144.085 ("All prisoner sentenced ...

6    shall serve ... PPS"); and ORS 137.010(10) ("A judgment of

7    conviction that includes a term of imprisonment ... shall state

8    the length of incarceration and length of PPS").

9    Plaintiff has a liberty interest in being released on post-

10   prison supervision after serving his mandatory minimum sentence,

11   under Measure 11, and within the maximum sentence of 116-120

12   months. See Board of Pardons v. Allen, 483 U.S. 369 (1987); Jago

13   v. Van Curen, 454 U.S. 14 (1981).  Plaintiff's expectation in

14   release to post-prison supervision is a "protected liberty

15   interest," by the Fourteenth Amendment to the United States

16   Constitution.  It creates a due process liberty interest as well.

17   See Greenholtz v. Nebraska, 442 U.S. 1 (1979).

18   **III.   The Blakely/Apprendi Impact on Determinate Sentences**
     **Under ORS 137.635 And Post-Prison Supervision.**

19

20   ORS 137.635, the so-called Denny Smith Bill, provides that

21   "the court shall impose a determinate sentence, the length of

22   which the court shall determine to the Department of Corrections."

23   The determinate sentence, however cannot exceed the "presumptive

24   sentence," except under mandatory minimum sentence (e.g., ORS

25   137.700 and ORS 161.610).  ORS 137.635 does not supersede ORS

26   144.085, otherwise there exists a conflict among the statutes,

Page   9 - MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

1   whereas ORS 144.085 mandates PPS and ORS 137.635 precludes
2   "parole."

3       The appellate courts have held that the phrase in ORS 137.
4   635(1) that a sentence "shall" not exceed the maximum sentence
5   "provided by the incarcerated term of the guidelines, ORS
6   137.669, or a departure from the presumptive incarcerative term
7   for substantial and compelling reasons. ORS 137.671." See State v
8   Sullivan, 172 Or.App. 688, 691-92 (2001) (quoting State v. Haydon
9   116 Or.App. 347, 353 (1992)).

10      It would appear from Oregon's case law that ORS 137.635,
11  sentences applies strictly to the "incarcerated terms" of the
12  guidelines.  The phrase is generally used, but seldom, if ever,
13  defined.  One court attempted to define "term of incarceration"
14  as typically referring to one of two closely related concepts in
15  statutes as:  (1) the amount of prison time that a sentencing
16  court is authorized to impose for a particular offense; or  (2)
17  the amount of prison time that a sentencing court actually impose
18  as part of a sentence for a particular offender.  State ex rel.
19  Engweiler v. Cook, 197 Or.App. 32, 36 (2005).

20      In the present case the statutory maximum is the presumptive
21  sentence according to the jury finding of conviction.  See
22  Dilts II, 337 Or. at 649.  The "incarcerated term" is the
23  presumptive maximum sentence less the post-prison supervision
24  term.  However, if any mandatory mininmum exists they may exceed
25  a portion of the term of PPS.  In the present case that would be
26  the 90 months (measure 11) sentence, the present argument makes

Page 10 - MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS

ATTACHMENT "C"

```
      ___ ____  ENTER DT  FILE DT EVENT/FILING/PROCEEDING_____  SCHD DT  TIME
ROOM ___
                                  to Motion to Produce Grand
                                  Jury Notes
          80 10/13/99 10/12/99 Motion Change of Judge
                                  re: Wittmayer
          81 10/13/99 10/12/99 Affidavit in Support of Motion
                                  Related event #   80
          82 10/15/99 10/15/99 Exhibit
                                  Election & 4 Charts (C)
                                  PTF   1 Oregon State Of
                                  DEF   1 Bell Larry Lydell Sr
          83 10/18/99 10/18/99 Trial Twelve Person Jury
                                  Length of time      2 Day(s)
                                  JUD   5 Wilson Janice R
          84 10/18/99 10/18/99 Hearing Probation V Scheduled   10/22/99
1:15 PM TJRW
                                  WILSON
          85 10/20/99 10/20/99 Verdict
          86 10/20/99 10/20/99 Order
                                  s/o sent to 11/9 at 1:15; Glty
                                  all cts & LIO on ct 1; Remain
                                  in Custody
                      10/14/99 Signed
                                  JUD   5 Wilson Janice R
          87 10/20/99 10/14/99 Convicted Lesser Chg
                                  Charge #   1
          88 10/20/99 10/14/99 Finding of Guilty
                                  Charge #   2
                                  Charge #   3
                                  Charge #   4
          89 10/20/99 10/20/99 Hearing Sentencing Scheduled   11/09/99
1:15 PM TJRW
          90 10/25/99 10/25/99 Order Pre-sent Investigation
                                  Sentencing 11-9-99 1:15 pm
                      10/14/99 Signed
                                  JUD   5 Wilson Janice R
          91 10/25/99 10/25/99 Order
                                  Court finds reason to believe
                                  that def falls w/in criteria
                                  for a dangerous off & Dang Off
                                  Eval including Psych eval is
                                  ordered;Sentencing S/O to 12-8
                                  -99 9 am;Include in PSI Rpt
                      10/22/99 Signed
                                  JUD   5 Wilson Janice R
          92 10/25/99 10/25/99 Hearing Sentencing Scheduled   12/08/99
9:00 AM TJRW
                                  Set-Over Court
          93 11/02/99 11/02/99 Order
                                  for Dangerous Offender
                                  Evaluation
                      10/24/99 Signed
                                  JUD   5 Wilson Janice R
          94 12/16/99 12/16/99 Hearing Sentencing Scheduled   1/11/00
9:00 AM TJRW
                                  SENTENCING
                                  ***will be setover***
          95 12/16/99 12/15/99 Affidavit in Support of Motion
```

```
96 12/16/99 12/16/99 Order Auth Payment Expenses
            12/16/99 Allowed
                     JUD   2 Frantz Julie E
97  1/05/00  1/03/00 Affidavit in Support of Motion
98  1/05/00  1/04/00 Order Auth Payment Expenses
```

PAGE    6

ATTACHMENT "D"



Theodore R. Kulongoski, Governor

**Department of Corrections**
Health Services Division
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882
www.doc.state.or.us



June 14, 2007

Michael D. Schrunk
District Attorney, Multnomah County
1021 SW Fourth Avenue, Room 600
Portland, OR 97204-1193

RE: Larry Lydell Bell Sr.
SID# 469049
DOB 08/01/1958

Dear Mr. Schrunk:

I, Danielle Hawkins, hereby certify and attest that:

1. I am a Medical Records Specialist with the Oregon Department of Corrections.
2. I have caused a careful and complete search of any and all records pertaining to Larry Lydell Bell Sr., SID # 469049
3. The attached 120 and pages are true and correct copies of materials found within the Oregon State Department of Corrections files for the person identified in item number two above.

Sincerely,

Danielle Hawkins
Medical Records Specialist